By the Court.
 

 These two cases embrace the same principles and may be disposed of in one opinion. In one case lumber was furnished with which to construct forms to hold concrete in place until it became set, the lumber then to be removed and retained by the contractor. In that case the trial court held that the lumber was material entering into the construction of the structure, and was covered by the indemnifying bond given to insure the performance of the work and the payment for the material and labor entering into the structure. The Court of Appeals reversed this decision of the trial court, holding that the lumber did not become an integral part of the structure, and for that reason could not be covered by the bond.
 

 In the other case, materials were furnished that went into the structure, and, associated with the furnishing of the materials, was a bill for haulage, amounting to $450, in round figures. In that case the trial court held that the haulage could not be separated from the materials that went into the structure, and could be included in the bond. This decision was affirmed by the Court of Appeals; the haulage being held as an expenditure properly covered by the indemnifying bond.
 

 This court is of the opinion that the Court of
 
 *441
 
 Appeals was correct in both decisions. Referring to the lumber that was furnished with which to build the forms to retain the concrete, it may be said that, if this was re-enforced concrete the metal rods embedded in the concrete of necessity become a part of the structure, because they remain in the completed structure. The lumber forms which hold the re-enforced concrete in position while it sets in permanent form are a very different class of material, do not become a part of the structure, and may be removed and used on many structures thereafter. Material may be carried to a place on a structure by a hodcarrier, and, when carried to the proper place upon the building, it may be placed in position by the use of a trowel by the mason building the wall. The labor of the hodcarrier and the labor of the mason are expended in the completion of the structure, and inseparably incorporated .therein; but neither the hod nor the trowel forms any part of the structure. An engine with its attachment of block and tackle may hoist most of the material of a structure into place and hold it there until it is made fast by other appliances. In the doing of this class of work on steel structures, most of the steel is hoisted into place by the engine with its block and tackle, and is then bolted to hold it in place until the final riveting process is gone through with. After that the bolts are removed to be used on other metal parts of the building, and may be used later in many steel structure buildings. The engine with its hoisting tackle, and the bolts used temporarily as stated, form no part of the building. The labor of the engineer who manipulates the hoisting appliances and the labor of the man who
 
 *442
 
 uses the bolts temporarily
 
 go
 
 into the building in precisely the same manner as the labor of the hod-carrier and the mason on the wall.
 

 The transportation of material purchased in the market, which is to be incorporated in a building, bridge, or other like structure, must necessarily be made from the last place of purchase to the situs of the structure. If the contract of purchase obliges the seller to deliver the material purchased at the situs of the structure, then it is quite self-evident that the seller will fix the sale price in the contract at a sum which will include the expense of transporting the material from the seller’s place of business to the situs of the structure. If delivery is to be at the seller’s place of business, then necessarily the buyer must incur the expense of transportation of the material to the situs of the structure. In either event, the cost of transportation will be added to what would be otherwise the market value of the material at the last place of purchase. The material, no matter which party pays the additional cost of taking it to the situs of the structure, will, when so placed in the structure, always embrace this added item of cost and value, and the party who thus gives the material this added value has the right to secure and recover such enhanced value under and pursuant to the mechanic’s lien laws, and the same will be covered by an indemnity bond given to insure the completion of the work and the payment by the contractor for all labor and material furnished in the completion of the structure. The important item is the market value of the material at the situs of the structure.
 

 
 *443
 
 The judgments of the Court of Appeals will he affirmed.
 

 Judgments affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.